UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jonathan Lee Riches, | ) | |
| | ) | |
| Plaintiff, | ) | **Report and Recommendation** |
| | ) | |
| vs. | ) | |
| | ) | |
| Brian McKnight, Sean Kingston, and FCI Williamsburg; | ) ) ) | C/A No.  6:08-1209-MBS-WMC |
| Rohm & Haas Co., and Federal Correctional Institution Williamsburg; | ) ) ) | C/A No.  6:08-1210-MBS-WMC |
| National Semiconductor Corp., and FCI Williamsburg; | ) ) ) | C/A No.  6:08-1211-MBS-WMC |
| W.R. Grace & Co., and Federal Correctional Institution Williamsburg; | ) ) ) | C/A No.  6:08-1212-MBS-WMC |
| Corning, Inc., and Federal Corrrectional Center Williamsburg; | ) ) ) | C/A No.  6:08-1213-MBS-WMC |
| Exelon Corp., and Federal Correctional Institution Williamsburg; | ) ) ) | C/A No.  6:08-1214-MBS-WMC |
| Thomas F. Frist, d/b/a HCA, and FCI Williamsburg; | ) ) | C/A No.  6:08-1215-MBS-WMC |
| Harlem Globetrotters, Marques Haynes, Michael "Wild Thing" Wilson, Curley "Boo" Johnson, Curley Ne, Mannie Jackson, Meadowlark Lemon, Wilt Chamberlain, and Showboat Hall; | ) ) ) ) ) | C/A No.  6:08-1216-MBS-WMC |
| Gady A. Epstein, Claire Cain Miller, and FCI Williamsburg; | ) ) ) | C/A No.  6:08-1217-MBS-WMC |
| Gregg Bergersen, Tai Kuo, Yu Xin Kang, and FCI Williamsburg; | ) ) ) | C/A No.  6:08-1218-MBS-WMC |
| American Top 40, d/b/a www.AT40.com, and Ryan Seacrest; | ) ) ) | C/A No.  6:08-1219-MBS-WMC |
| Star Wars, Geroge Lucas, Han Solo, Princess Leia, Jedi, Obi-Wan Kenobi, Luke Skywalkter, Darth Vader, Dave Filoni; | ) ) ) ) | C/A No.  6:08-1220-MBS-WMC |
| Victor J. Defazio, and Jack Finkelstein; | ) | C/A No.  6:08-1221-MBS-WMC |

| | |
|---|---|
| Anthony Frank Gaggi, and Henry Borelli; | ) C/A No. 6:08-1222-MBS-WMC |
| | ) |
| William James Gallenardo, and Charles Squires; | ) C/A No. 6:08-1223-MBS-WMC |
| | ) |
| Kevin Schatzle, and Christopher Gorayeb; | ) C/A No. 6:08-1224-MBS-WMC |
| | ) |
| Harry H. Messerlian, Henry F. Wolkowski, and Joseph P. Topolosky; | ) C/A No. 6:08-1225-MBS-WMC |
| | ) |
| | ) |
| Alan Quinones, and Diego B. Rodriguez; | ) C/A No. 6:08-1226-MBS-WMC |
| | ) |
| Don La Greca, d/b/a 1050 am ESPN, and Michael Kay; | ) C/A No. 6:08-1227-MBS-WMC |
| | ) |
| | ) |
| Peter King Hunsinger, and Pamela Norwood; | ) C/A No. 6:08-1228-MBS-WMC |
| | ) |
| David Leroy Knellinger, and Carl Peter Antoni; | ) C/A No. 6:08-1229-MBS-WMC |
| | ) |
| Luan Lika, and Skender Fici; | ) C/A No. 6:08-1230-MBS-WMC |
| | ) |
| Gordan Leroy Sonnenberg, and Todd O'Brien; | ) C/A No. 6:08-1231-MBS-WMC |
| | ) |
| Peggy Franklin-El, and Johnnie Franklin-El; | ) C/A No. 6:08-1232-MBS-WMC |
| | ) |
| Freddie Mercury, d/b/a Frederick Bulsara, a/k/a Queen; | ) C/A No. 6:08-1233-MBS-WMC |
| | ) |
| | ) |
| Engelbert Humperdinck, d/b/a Arnold Dorsey; | ) C/A No. 6:08-1234-MBS-WMC |
| | ) |
| David Bowie, d/b/a David Robert Jones, and FCI Williamsburg; | ) C/A No. 6:08-1235-MBS-WMC |
| | ) |
| | ) |
| Rodney Dangerfield, d/b/a Jacob Cohen, and Woody Allen, d/b/a John Sullivan; | ) C/A No. 6:08-1237-MBS-WMC |
| | ) |
| | ) |
| Alice Cooper, d/b/a Vincent Furnier, and FCI Williamsburg; | ) C/A No. 6:08-1238-MBS-WMC |
| | ) |
| | ) |
| Bo Diddley, d/b/a Elias Bates, and Federal Correctional Institution Williamsburg; | ) C/A No. 6:08-1239-MBS-WMC |
| | ) |
| | ) |
| W.C. Fields, d/b/a William Claude Dukenfield; | ) C/A No. 6:08-1240-MBS-WMC |
| | ) |
| Meat Loaf, d/b/a Marvin Lee Aday, | ) C/A No. 6:08-1241-MBS-WMC |

| | |
|---|---|
| Elvis Costello, d/b/a Declan McManus, and FCI Williamsburg; | ) C/A No.  6:08-1242-MBS-WMC ) |
| | ) |
| Johnny Ramone, d/b/a John Cummings, and Tommy Ramone, d/b/a Tom Erdelyi; | ) C/A No.  6:08-1243-MBS-WMC ) |
| | ) |
| Rudolph Valentino, d/b/a Rudolpho D'antonguolla; | ) C/A No.  6:08-1244-MBS-WMC ) |
| Kathie Lee Gifford, d/b/a Kathie Epstein, and Rita Hayworth; | ) C/A No.  6:08-1245-MBS-WMC ) |
| | ) |
| Dr. Phil McGraw, Dr. Joyce Brothers, and FCI Williamsburg; | ) C/A No.  6:08-1246-MBS-WMC ) |
| | ) |
| Greg Gumbel, Chris Berman, and FCI Williamsburg; | ) C/A No.  6:08-1247-MBS-WMC ) |
| Peter Camejo, and Bureau of Prisons; | ) C/A No.  6:08-1248-MBS-WMC ) |
| Brit Hume, Mary Matalin, and FCI Williamsburg; | ) C/A No.  6:08-1249-MBS-WMC ) |
| Phyllis Schlafly, Kate Michelman, and FCI Williamsburg; | ) C/A No.  6:08-1250-MBS-WMC ) |
| | ) |
| Marian Wright Edelman, Harvey Weinstein, and FCI Williamsburg; | ) C/A No.  6:08-1251-MBS-WMC ) |
| | ) |
| Nelly Furtado, and Bureau of Prisons; | ) C/A No.  6:08-1252-MBS-WMC ) |
| Theo Albrecht, and Federal Correctional Institution Williamsburg; | ) C/A No.  6:08-1253-MBS-WMC ) |
| | ) |
| Knight-Ridder, Inc., and FCI Williamsburg; | ) C/A No.  6:08-1254-MBS-WMC ) |
| Omnicom Group, Inc., and FCI Williamsburg; | ) C/A No.  6:08-1255-MBS-WMC ) |
| Carolina Herrera, and Diane Von Furstenburg; | ) C/A No.  6:08-1256-MBS-WMC ) |
| Mark Wahlberg, Donnie Wahlburg, and FCI Williamsburg; | ) C/A No.  6:08-1257-MBS-WMC ) |
| | ) |
| John A. Liljeberg, Jr., and Health Services Acquisition Corp.; | ) C/A No.  6:08-1260-MBS-WMC ) |
| | ) |
| Vonage Holdings Corporation, d/b/a Vonage; | ) C/A No.  6:08-1261-MBS-WMC ) |
| Ryan Friedlinghaus, d/b/a West Coast Customs; | ) C/A No.  6:08-1262-MBS-WMC |

3

| | |
|---|---|
| Brown v. Board of Education, Oliver Brown, and Harry Briggs; | ) C/A No. 6:08-1263-MBS-WMC ) |
| | ) |
| Vincent Lecavalier, and Jeremy Roenick; | ) C/A No. 6:08-1264-MBS-WMC ) |
| Cheryl A. Michalek, and Blanche Comiskey; | ) C/A No. 6:08-1265-MBS-WMC ) |
| Jeffrey Paul Jedlicki, d/b/a World Market Advisors, Inc.; | ) C/A No. 6:08-1266-MBS-WMC ) |
| | ) |
| Kremen V. Cohen, Gary Kremen, Stephen Michael Cohen, and Online Classifieds, Inc.; | ) C/A No. 6:08-1267-MBS-WMC ) |
| | ) |
| Alyce C. Alston, and Dawn M. Zier; | ) C/A No. 6:08-1268-MBS-WMC ) |
| Jane Fonda, Henry Fonda, and FCI Williamsburg; | ) C/A No. 6:08-1269-MBS-WMC ) |
| TATA Group, and Ratan TATA; | ) C/A No. 6:08-1270-MBS-WMC ) |
| Patrick Ewing, Walt Frazier, and Willis Reed; | ) C/A No. 6:08-1271-MBS-WMC ) |
| Thomas John Morris, Jr., and Bureau of Prisons; | ) C/A No. 6:08-1282-MBS-WMC ) |
| Tiffany & Co. Ltd, and Bureau of Prisons; | ) C/A No. 6:08-1283-MBS-WMC ) |
| Manuel Nicholas Diaz, and Bureau of Prisons; | ) C/A No. 6:08-1284-MBS-WMC ) |
| Brian Bafia, and Federal Correctional Institution Williamsburg; | ) C/A No. 6:08-1285-MBS-WMC ) |
| | ) |
| Hair Club for Men Ltd., Inc., and FCI Williamsburg; | ) C/A No. 6:08-1286-MBS-WMC ) |
| Casey Mears, Sam Hornish, Jr., and FCI Williamsburg; | ) C/A No. 6:08-1287-MBS-WMC ) |
| | ) |
| Cracker Barrel Old Country Store, Inc., and FCI Williamsburg; | ) C/A No. 6:08-1288-MBS-WMC ) |
| | ) |
| British Sky Broadcasting Group PLC, and FCI Williamsburg; | ) C/A No. 6:08-1289-MBS-WMC ) |
| | ) |
| Mrs. Fields Cookies, and Bureau of Prisons; | ) C/A No. 6:08-1290-MBS-WMC ) |
| | ) |
| Defendants. | ) ) |

The Plaintiff, Jonathan Lee Riches (Plaintiff), is a federal inmate at FCI-Williamsburg proceeding *pro se*.[1] The sixty-nine (69) complaints listed above, which are construed as civil rights actions pursuant to 42 U.S.C. § 1983, request injunctive relief and/or monetary damages against a variety of defendants.[2]

## *Pro Se* Review

A review has been made of the *pro se* pleadings pursuant to the Prison Litigation Reform Act (PRLA).[3] This review has also been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*) (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard,

---

[1] Riches is a well-known litigator in the federal courts, having filed more than 1,000 actions in various federal district and appellate courts since 2006. *See* U.S. Party-Case Index, http:// pacer.psc.uscourts.gov. ("Pacer") (showing 1,793 cases filed as of April 21, 2008. Since December, 2007, Plaintiff has filed five hundred and sixty-eight (568) cases, including the present actions, with this Court.

[2] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[3] It is noted that Plaintiff failed to provide the financial documents necessary to render these cases in proper form. Typically, an order directing the prisoner to submit an Application to Proceed Without Prepayment of Fees and Costs (Form AO-240) and a Financial Certificate would be issued for each case. *See* Procedures In Civil Actions Filed By Prisoner *Pro Se* Litigants, Misc. No. 3:07-mc-5014-JFA. However, as Plaintiff is barred by the "three strikes" rule in the above actions from proceeding *in forma pauperis,* an order directing Plaintiff to submit an application to proceed without prepayment of the fees would be futile.

however, the *pro se* complaints are subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

The Plaintiff's claims in the above listed cases are subject to summary dismissal under the "three strikes" rule of the Prison Litigation Reform Act.  This rule, codified at U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Congress enacted the three-strikes rule to bar prisoners, such as the Plaintiff, who have filed prior frivolous litigation in a federal court, from pursuing certain types of federal civil rights litigation.  *See Senate Select Committee on Presidential Campaign Activities v. Nixon*, 366

6

F. Supp. 51, 55 & n. 6 (D.D.C. 1973) ("When it comes to the jurisdiction of the federal courts, truly, to paraphrase the scripture, the Congress giveth and the Congress taketh away."). *See Also Bay View, Inc. v. AHTNA, Inc.*, 105 F.3d 1281, 1283, (9th Cir. 1997); *NGS American, Inc. v. Barnes*, 998 F.2d 296, 298 (5th Cir. 1993).

This Court may take judicial notice that the Plaintiff has previously filed at least three (3) cases dismissed and deemed a strike under § 1915(g) by this Court.[4] *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (the court may take judicial notice of its own records). *See also Mann v. Peoples First Nat. Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving trial court's taking judicial notice of proceedings had before it in prior suit with same parties). In light of the Plaintiff's prior "strikes," he cannot proceed with the instant complaints unless (1) his claim satisfies the exception for "imminent" physical harm provided by the three-strikes rule, or (2) he pays the full filing fee. 28 U.S.C. § 1915(g). *See also Banos v O'Guin*, 144 F.3d 883 (5th Cir. 1998).

In order to invoke the "imminent danger" exception of § 1915(g), an "inmate must make 'specific fact allegations of ongoing serious injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" *Johnson v. Warner*, No. 05-7048, slip op. at 272, 200 Fed. App'x 270, 272 (4th Cir. 2006)(quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)). In addition, fact allegations that are remote, speculative, or hypothetical do not rise to the level of "imminent danger." *See Welch v. Selsky*, 2008 WL 238553, at *5 (N.D. New York, Jan. 28, 2008)("The imminent danger an inmate faces,

---

[4] Plaintiff has filed more than three (3) prior frivolous cases in this Court since 2006, and such previous frivolous filings have been duly noted in reports and recommendations and/or orders of this Court in the following cases: Civil Action Nos. 4:06-442-MBS-WMC, 4:07-4094-MBS-WMC, 4:07-4095-MBS-WMC, 4:07-4097-MBS-WMC, 4:07-4098-MBS-WMC, and 6:07-4135-MBS-WMC.

moreover, must be real, and not merely speculative or hypothetical."). *See also White v. State of Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998)(vague or conclusory assertions of harm fail to raise a credible allegation of imminent danger). Congress intended that the danger must exist at the time the complaint is filed. Therefore, the "imminent danger" exception does not apply to harms that have already occurred. *See Malik v. McGinnis*, 293 F. 3d 559, 561-62 (2nd Cir. 2002)(citing *Abdul-Akbar v. McKelvie*, 239 F. 3d 307, 313 (3rd Cir. 2001)); *Medberry v. Butler*, 185 F. 3d 1189, 1193 (11th Cir. 1999); *Banos v. O'Guin*, 144 F. 3d 883, 884 (5th Cir. 1998).

Obviously aware of the potential three-strikes bar to his claims, Plaintiff includes the term "imminent danger" in many of the instant complaints.[5] Plaintiff also alleges that he has received threats from or been mistreated by many of the Defendants. Although Plaintiff uses the term "imminent danger" repeatedly, the instant pleadings fail to provide any specific fact allegations concerning an ongoing serious injury suffered by the Plaintiff, or the likelihood of imminent serious physical injury to the Plaintiff. *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Plaintiff's vague assertions regarding the receipt of threats from many of the Defendants are insufficient to raise a credible claim of imminent danger, *See White v. State of Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998), and the "imminent danger" exception does not apply to Plaintiff's claims regarding past mistreatment. *See Malik v. McGinnis*, 293 F. 3d 559, 561-62 (2nd Cir. 2002)(citing *Abdul-Akbar v. McKelvie*, 239 F. 3d 307, 313 (3rd Cir. 2001)). As the instant complaints do not invoke the "imminent danger"

---

[5] Plaintiff further attempts to circumvent the three-strikes rule by styling many of his actions as "28 U.S.C. 2241, Habeas Corpus" or "28 U.S.C. 2241/Bivens Action". However, as these actions seek relief from a variety of allegedly unconstitutional prison conditions, they have been construed as actions brought pursuant to 42 U.S.C. § 1983.

exception to § 1915(g), Plaintiff is barred by the "three-strikes" rule from proceeding with the above referenced cases, unless the filing fees are paid.

**Plaintiff is hereby given a period of ten (10) days, from the date of service of this Report and Recommendation, to pay the three hundred fifty ($350.00) dollar filing fee for *each* of the sixty-nine (69) instant cases.  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for payment of the filing fees by mail.**

### Imposition of Sanctions

Plaintiff has demonstrated a propensity to file frivolous law suits in this Court.  To date, Plaintiff has filed at least thirty-four (34) cases which have been summarily dismissed by the Court due to frivolity, maliciousness, or failure to state a claim upon which relief may be granted.[6]  In addition, Plaintiff has filed at least eighty-two (82) cases, since December of 2007, which have been dismissed for lack of prosecution/failure to comply with an order of this Court.[7] Ninety-three (93) additional cases have been dismissed due to the "three

---

[6] *See* Civil Action Numbers: 4:07-cv-04094-MBS-WMC; 4:07-cv-04095-MBS-WMC; 4:07-cv-04097-MBS-WMC; 4:07-cv-04098-MBS-WMC; 6:07-cv-04135-MBS-WMC; 6:07-cv-04136-MBS-WMC; 6:07-cv-04137-MBS-WMC; 6:07-cv-04138-MBS-WMC;  6:07-cv-04139-MBS-WMC; 6:07-cv-04141-MBS-WMC; 6:07-cv-04142-MBS-WMC; 6:07-cv-04143-MBS-WMC; 6:07-cv-04144-MBS-WMC; 6:07-cv-04145-MBS-WMC; 6:08-cv-00098-MBS-WMC; 6:08-cv-00099-MBS-WMC; 6:08-cv-00100-MBS-WMC;  6:08-cv-00101-MBS-WMC; 6:08-cv-00102-MBS-WMC; 6:08-cv-00120-MBS-WMC;  6:08-cv-00121-MBS-WMC; 6:08-cv-00122-MBS-WMC; 6:08-cv-00123-MBS-WMC;  6:08-cv-00124-MBS-WMC; 6:08-cv-00125-MBS-WMC; 6:08-cv-00166-MBS-WMC;  6:08-cv-00167-MBS-WMC; 6:08-cv-00168-MBS-WMC; 6:08-cv-00169-MBS-WMC; 6:08-cv-00170-MBS-WMC; 6:08-cv-00171-MBS-WMC; 6:08-cv-00172-MBS-WMC;  6:08-cv-00173-MBS-WMC; 6:08-cv-00174-MBS-WMC.

[7] See Civil Action Numbers: 4:07-cv-4096-MBS-WMC and 6:08-cv-0230-MBS-WMC; 6:08-cv-0232-MBS-WMC thru 6:08-cv-0239-MBS-WMC; 6:08-cv-0253-MBS-WMC thru 6:08-cv-0262-MBS-WMC; 6:08-cv-0294-MBS-WMC thru 6:08-cv-0301-MBS-WMC; 6:08-cv-0332-MBS-WMC thru 6:08-cv-0349-MBS-WMC; 6:08-cv-0393-MBS-WMC thru 6:08-cv-0396-MBS-WMC; 6:08-cv-0412-MBS-WMC thru 6:08-cv-0419-MBS-WMC; 6:08-cv-0474-MBS-WMC thru 6:08-cv-0481-MBS-WMC; 6:08-cv-0507-MBS-WMC thru 6:08-cv-0513-MBS-WMC; 6:08-cv-0565-MBS-WMC thru 6:08-cv-0574-MBS-WMC.

strikes" rule of U.S.C. § 1915(g).[8]  Plaintiff has been warned, in one hundred and twelve

(112) cases, that sanctions could be imposed which would place restrictions on Plaintiff's

ability to file future cases in this Court if he: (1) continued to submit cases which he failed

to pursue and prosecute, and/or (2) continued to file cases which failed to state a claim upon

which relief may be granted or were deemed frivolous or malicious.    Despite this

admonishment, Plaintiff has continued to file cases which are frivolous, fail to state a claim

upon which relief may be granted, or are barred due to the three strikes rule.   Thus, it

appears Plaintiff will continue to waste this Court's precious judicial resources unless

restrictions are placed on Plaintiff's future submissions.

     This Court has the authority to order a prefiling injunction or other appropriate

sanction against vexatious litigants. *Cromer v. Kraft Foods North America, Inc.*, 390 F.3d

812, 817 (4th Cir. 2004).  *See also Thomas v. Fulton*, No. 07-1713, 2008 WL 64651, slip op.

(4th Cir. Jan. 7, 2008)(a prefiling injunction must be narrowly tailored to fit the circumstances

of the case); Safir *v. United States Lines, Inc.*, 792 F.2d 19, 23-25 (2nd Cir. 1986)(five

factors for court to consider before imposing order of prefiling review); *Flint v. Haynes*, 651

F.2d 970, 974 (4th Cir. 1981)("joined other courts in approving prefiling review of complaints

brought by prisoners with a history of litigiousness"); *Graham v. Riddle*, 554 F.2d 133, 135

(4th Cir. 1977).  The sanctions which the Court may consider include, but are not limited to:

---

[8] *See* Civil Action Numbers: 6:08-cv-0613-MBS-WMC thru 6:08-cv-0618-MBS-WMC; 6:08-cv-0620-MBS-WMC thru 6:08-cv-0621-MBS-WMC; 6:08-cv-0631-MBS-WMC thru 6:08-cv-0636-MBS-WMC; 6:08-cv-0679-MBS-WMC thru 6:08-cv-0690-MBS-WMC; 6:08-cv-0716-MBS-WMC thru 6:08-cv-0726-MBS-WMC; 6:08-cv-0757-MBS-WMC thru 6:08-cv-0769-MBS-WMC; 6:08-cv-0780-MBS-WMC thru 6:08-cv-0791-MBS-WMC, and 6:08-cv-0793-MBS-WMC; 6:08-cv-0824-MBS-WMC thru 6:08-cv-0832-MBS-WMC; 6:08-cv-0916-MBS-WMC thru 6:08-cv-0924-MBS-WMC; 6:08-cv-0949-MBS-WMC thru 6:08-cv-0951-MBS-WMC; 6:08-cv-0953-MBS-WMC thru 6:08-cv-0961-MBS-WMC.

(1) denial of proceeding without prepayment of the filing fee, (2) the imposition of a filing injunction order placing restrictions on the types of cases Plaintiff may file and the manner in which they must be submitted, (3) monetary sanctions that will have to be satisfied before any further filings may be made, (4) dismissal of any action, (5) entry of an order of contempt of court, and (6) any and all other forms of sanctions available to the Court under Rule 11 of the Federal Rules of Civil Procedure.

Overly litigious, malicious, and/or vexatious individuals, such as the Plaintiff, place a burden on the judicial system and divert judicial resources from other pending litigation. A court must "balance between insuring access to the courts and controlling already overburdened dockets." *In Re Burnley*, 988 F.2d 1, 4 (4th Cir. 1992). Due to Plaintiff's extensive history of frivolous filings, other district courts have placed various restrictions on Plaintiff's ability to file future civil complaints. *See In re Jonathan Lee Riches*, No. 1:08-cv-0498-WBH (N.D. Ga. March 27, 2008)(requiring Plaintiff to obtain leave of the Court before filing any new lawsuit); *Riches v. Stanley Allen Acuff, et al.*, No. AW-08-449, n. 6 (D. Md., February 26, 2008)(finding it appropriate to issue a pre-filing injunctive standing order); *Riches v. Lemony Snicket, et al.*, No. 3:08-cv-00001-FPS-JES(N.D. W. Va., February 1, 2008)("that the Clerk be instructed not to file any further actions received from Jonathan Lee Riches without the express written Order of a Judge of this Court")*; Riches v. Giambi, et al.*, No. 3:07-cv-06273-MJJ (N.D. Ca., January 2, 2008)(requiring payment of the filing fee); *Riches v. Simpson, et al.*, No. 6:07-cv-1504-Orl-31-KRS, slip. op. at 1-2 (M.D. Fla. Sept. 24, 2007)(requiring Plaintiff to pay the full filing fee).

Plaintiff has filed five hundred and sixty-eight (568) complaints in this Court since December of 2007, setting forth frivolous, nonsensical, and largely improbable claims

11

against a litany of Defendants.  Plaintiff has clearly demonstrated that he is a vexatious and

abusive litigant in this Court.  Given the numerous warnings regarding the imposition of

possible sanctions that Plaintiff has already received and ignored, it appears that no

alternative to a prefiling injunction will protect the Court.  Therefore, it is recommended that

the Court issue a filing injunction against the Plaintiff.  The filing injunction would direct the

Clerk of Court to return any civil action submitted to this Court by the Plaintiff, unfiled, unless

the following requirements are met:

> (1) Payment of the full statutory filing fee (currently $350.00) at the time any
> new civil case is submitted for filing;
>
> <u>or</u>
>
> (2) Submission of a petition to the Clerk of Court seeking leave to file a new
> civil case.  The petition must contain **all** of the following information:
>
>> a)The name of the defendant(s) that Plaintiff intends to sue *pro
>> se*, without payment of the filing fee;
>>
>> b) For each defendant named, that defendant's domicile;
>>
>> c) For any defendant whose domicile is outside of this District,
>> a statement explaining why this Court would enjoy personal
>> jurisdiction over that defendant and why venue for Plaintiff's
>> claim is proper in this Court;
>>
>> d)  A brief summary setting forth with specificity what each
>> defendant has done to cause Plaintiff injury;
>>
>> e) A statement setting forth the legal theory pursuant to which
>> Plaintiff believes he is entitled to relief.
>>
>> f) A statement (under penalty of perjury and subject to all
>> sanctions available to the Court for untrue statements) that, to
>> the best of Plaintiff's knowledge:
>>
>>> 1) the information contained in the petition is true
>>> and correct;
>>>
>>> 2) the legal arguments are not frivolous or made
>>> in bad faith;

3) the proposed case does not involve any of the same factual or legal matters as were/are involved in any of Plaintiff's previously disposed/currently pending civil actions in this Court; and

4) that Plaintiff will comply with the local rules of this Court  and with the Federal Rules of Civil Procedure.

g) The petition for leave to file a new complaint must be signed by Plaintiff in Plaintiff's full legal name. The following statement must appear above Plaintiff's signature: "This document and all statements contained herein or attached hereto are submitted under penalty of perjury and subject to all available Court-imposed sanctions for untruthfulness, frivolity, and/or vexatiousness."

h) An official notary public seal and signature in proper legal form, attesting to the validity of Plaintiff's signature, must be affixed to the signature page of Plaintiff's petition.

i) the following documents must be attached to the petition for leave to file a new civil action:

1) A complete signed original of the pleading that Plaintiff wishes to file as a new case *pro se*, and without payment of the filing fee;

2) A fully completed and signed Form AO-240 (Application to Proceed without Prepayment of Fees and Affidavit);

3) A fully completed Financial Certificate; and

4) Fully completed Court approved service of process  forms (summons and Form USM-285) for each defendant or respondent named in the pleading.

## Recommendation

Should Plaintiff fail to pay the filing fees as directed above, it  is recommended that the complaints be dismissed under the "three strikes" rule of 28 U.S.C. § 1915(g).  *See Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Brown v. Briscoe*, 998 F2d 201, 202-04 & n.* (4th Cir.1993); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).   It is further recommended that the United States District Judge assigned to this case consider the entry of the above sanctions against Plaintiff. The Plaintiff's attention is directed to the important notice on the next page.


April 28, 2008                                      s/William M. Catoe
Greenville, South Carolina                          United States Magistrate Judge

14

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).